212

**M. H. RENKEN DAIRY CO. v. WICKARD,**
Secretary of Agriculture.

No. 2499.

District Court, E. D. New York.

Oct. 19, 1942.

See, also, 45 F.Supp. 332.

Leonard Golluber, of Brooklyn, N. Y., (Horace B. Casey, of Albany, N. Y., of counsel), for plaintiff.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Nathan Borock, Asst. U. S. Atty., of New York City, and Edward O. Mather, Principal Atty., of Washington, D. C., Office of the Solicitor, of counsel), for defendant.

ABRUZZO, District Judge.

This action arises out of a ruling of the Secretary of Agriculture upon a petition filed by the plaintiff pursuant to Section 8c(15) (A) of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 608c (15) (A). The complaint is filed pursuant to Section 8c(15) (B) of said Act, and is for the purpose of reviewing the ruling made by the Secretary upon the above mentioned petition.

The proceeding before the Court is a motion by the Secretary for summary judgment, and the plaintiff has filed a cross motion for summary judgment in its favor.

In the brief of the plaintiff, it is stated on page numbered 4: "This action is a companion action to that of Queensboro Farm Products, Inc., v. Wickard, Civil Action No. 2556, which is now pending before this Court. In both actions the validity of original Order No. 27 is at issue, although Queensboro Farm Products, Inc., claims that the order is sufficiently broad to permit a construction granting relief to it without the necessity for holding the order invalid. Unfortunately, this plaintiff can make no such claim."

Apparently, the plaintiff herein bases its contention on the construction to be placed on "use classification" which the statute directs to be followed as a means by which minimum prices are required to be fixed in any order issued by the Secretary of Agriculture.

The decision in the matter of Queensboro Farm Products, Inc., v. Wickard, Civil Action No. 2556, 47 F.Supp. 206, filed this date simultaneously with this opinion, completely determines the interpretation of the statute with regard to "use classification". In view of that decision, the motion of the Secretary of Agriculture in the case at bar for summary judgment is granted, and the cross motion of the plaintiff is denied.